Wiener Realty Mgt., LLC v One Penn Plaza LLC

2026 NY Slip Op 03094

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Wiener Realty Management, LLC, Plaintiff-Respondent,

v

One Penn Plaza LLC, Defendant-Appellant.

Decided and Entered: May 14, 2026

Index No. 162194/23|Appeal No. 6617|Case No. 2026-00475|

Before: Webber, J.P., GonzáLez, Pitt-Burke, Higgitt, Hagler, JJ.

Greenberg Traurig, LLP, New York (Hal Beerman of counsel), for appellant.

Horing Welikson Rosen & Digrugilliers, P.C., Williston Park (Brian W. Shaw of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Ashlee Crawford, J.), entered on or about January 7, 2026, which, to the extent appealed from, denied defendant's motion for leave to join nonparties Wiener Realty Management II LLC (Wiener Realty II) and Joel Wiener as third-party defendants and for leave to amend its answer to assert third-party claims against nonparties Wiener Realty II and Joel Wiener, unanimously affirmed, without costs.

Supreme Court properly denied defendant landlord's motion to the extent it sought leave to amend its answer to assert third-party claims against Wiener Realty II and Joel Wiener under theories of alter-ego liability and piercing the corporate veil of plaintiff tenant Wiener Realty Management, LLC. Pursuant to CPLR 3025(b), leave to amend a pleading should be freely given absent prejudice to the non-moving party (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]). However, a motion for leave to amend should be denied when the proposed amendments are palpably insufficient as a matter of law or fail to state a cause of action (see Davis & Davis v Morson, 286 AD2d 584, 585 [1st Dept 2001]).

Landlord's proposed amended answer "consist[ed] of no more than a recitation of the elements of the claim," containing only conclusory allegations based "upon information and belief" that Joel Wiener dominated tenant and used his domination to commit a fraud or wrong (501 Fifth Ave. Co. LLC v Alvona LLC, 110 AD3d 494, 494 [1st Dept 2013]; see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141-142 [1993]; Borini v Inform Studios, Inc., 245 AD3d 587, 588 [1st Dept 2026]). Landlord also failed to allege in any fashion that Wiener Realty II dominated and controlled tenant to commit a wrong against landlord (see S.M. v Madura, 223 AD3d 486, 487 [1st Dept 2024]). To the extent landlord asserts that Wiener Realty II is also liable under a theory of successor liability, the proposed amended answer also fails to adequately support such a claim with non-conclusory allegations (cf. Avamer 57 Fee LLC v Hunter Boot USA LLC, 241 AD3d 401, 402-403 [1st Dept 2025]).

As landlord's proposed amended answer failed to set forth a cognizable third-party claim against Wiener Realty II and Joel Wiener, its motion to join them as third-party defendants was also properly denied (see Global Liberty Ins. Co. v Tyrell, 172 AD3d 499, 500 [1st Dept 2019]).

We have considered defendant's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026